**Artaches MANOUKIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71623.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

Artaches Manoukian, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., Richard M. Evans, Esq., David Dauenheimer, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Artaches Manoukian, a Russian citizen of Armenian descent, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings, in which he alleged ineffective assistance of prior counsel. Because this petition is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, we have jurisdiction under 8 U.S.C. § 1105a. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We review for abuse of discretion, *see id.*, and we deny the petition for review.

Petitioner filed his current motion to reopen on September 30, 2002, more than 90 days after the BIA's February 27, 2002 decision dismissing his appeal. *See* 8 C.F.R. § 3.2(c)(2) (now codified at 8 C.F.R. § 1003.2(c)(2)) (a party's motion to reopen must be filed within 90 days of the date of the final administrative decision). The limitations period for filing a motion to reopen may be tolled "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria*, 321 F.3d at 897. In this case, however, Manoukian did not demonstrate the requisite diligence in pursuing his case after January 2000. Manoukian did not state when he learned of the BIA's February 27, 2002 decision or when he contacted new counsel to review his case. *Cf. id.* at 898 (recognizing limitations period may not have begun to run until petitioner learned of prior counsel's allegedly deceptive acts). Accordingly, the BIA did not abuse its discretion in concluding that the motion to reopen was untimely and that Manoukian failed to establish due diligence to warrant equitable tolling.

To the extent Manoukian contends that the BIA should have reopened the proceedings on its own motion to allow Manoukian to apply for adjustment of status, we lack jurisdiction to review the BIA's refusal to do so. *See Ekimian v. INS*, 303 F.3d 1153, 1156–60 (9th Cir.2002) (court lacks jurisdiction to review BIA's refusal exercise its authority to reopen *sua sponte* for "exceptional situations").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

